UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EDWIN B. ORDONEZ,                                :
               Plaintiff,                       :
                                                 :   11 CV 5286 (HB)
  - against -                                   :
                                                 :   **OPINION & ORDER**
USAA c/o ESSENCE A. JACKSON,      :
               Defendants.                    :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

On this motion, Defendant USAA argues that *pro se* Plaintiff Edwin Ordonez's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction. In the alternative, USAA also argues that it is entitled to summary judgment because Ordonez has failed to state a claim upon which relief can be granted. For the reasons stated below, USAA's motion to dismiss is GRANTED. The complaint as to Defendant Essence Jackson is also dismissed because Ordonez has failed to timely serve Jackson with the amended summons and complaint.

## BACKGROUND

Ordonez alleges that on July 28, 2008 at about 4:00 a.m., Essence Jackson crashed his car into Ordonez's vehicle while Ordonez was stopped at a red light. Compl. ¶¶ III.A–III.C. As a result, Ordonez suffered an injury to his right knee, for which he received medical treatment. *Id.* ¶¶ IV–V. Ordonez also underwent months of physical therapy, and continues to experience pain in his injured knee. *Id.*

At the time of the incident, Jackson was a policyholder with USAA. Trujillo Aff. ¶¶ 5–6. There is no other relationship between Jackson and USAA. *Id.* ¶ 10. Yet after commencing this action on July 18, 2011, Ordonez properly served only USAA—and failed to serve Jackson. Even though hesitant to do so, the Court in the interests of justice provided an amended summons on August 23, 2012 naming Jackson as a defendant. Ordonez still has not served Jackson. Because Ordonez has now had ample time, over six months since the issuance of the amended summons to serve Jackson but has not done so, I must now resolve USAA's motion.

## DISCUSSION

**A. Essence Jackson Was Never Served and Is Not a Party to This Action**

I first consider *sua sponte* Ordonez's claims against Essence Jackson.  While his complaint lacks some specificity, established law in this Circuit requires that I liberally construe Ordonez's complaint to "raise the strongest arguments that [it] 'suggest[s].'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).  This principle "is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* at 475 (quoting *Traguth v. Zick*, 710 F.2d 90, 95 (2d Cir. 1983)).  Here, Ordonez's complaint names "USAA . . . c/o Essence A. Jackson" in the caption, and also identifies Jackson in the body of the complaint as the operator of the vehicle that struck Ordonez.  Compl. at 1, 3.  Accordingly, Ordonez named both USAA and Jackson as defendants to this action in his original complaint.  *Cf. Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1166 (N.D. Cal. 2003) ("[T]he court may consider a complaint to have named the proper defendant 'if the allegations in the body of the complaint make it plain that the party is intended as a defendant.'" (quoting *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983))).

But as noted, Ordonez has continually failed to serve Jackson with either a summons or complaint.  Rule 4(c) states that "the plaintiff is responsible for having the summons and complaint served within the time allotted by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c).  While Ordonez was authorized to proceed *in forma pauperis* and therefore was entitled to have a U.S. Marshal serve Jackson on his behalf, Fed. R. Civ. P. 4(c)(3), Ordonez served only USAA using this method.  Without service, at this time Jackson cannot properly be considered a party to this action.  *See Carl v. City of Yonkers*, No. 04 Civ. 7031, 2008 WL 5272722, at *4 (S.D.N.Y. Dec. 18, 2008) (defendants "never bec[ame] parties to the action" where plaintiff failed to serve summons and complaint).

As Ordonez has now had more than six months to serve Jackson but has failed to do so, I must dismiss the complaint to the extent it names Jackson as a defendant.  "Since the individual defendant[ ] w[as] not served, it is the Court's duty under Rule 4(m) either to dismiss the complaint without prejudice, or to order that service be made within a specified time."  *Carl*,

2

2008 WL 5272722, at *4.  Ordonez was notified on December 11, 2012 that he was required to serve Jackson by January 10, 2013 with the amended summons and complaint, yet he failed to do so.  While Ordonez proceeds *pro se* and his case is a sympathetic one, he cannot be excused from the requirement under federal law to serve Jackson and thereby properly bring him into this case.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (suggesting that "procedural rules in ordinary civil litigation" should not be "interpreted so as to excuse mistakes by those who proceed without counsel");  *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d. Cir. 1995) ("Although *pro se* litigants should be afforded latitude, they 'generally are required to inform themselves regarding procedural rules and to comply with them.'" (quoting *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995))).  Accordingly, all claims against Essence Jackson are dismissed.

**B. USAA's Motion to Dismiss**

I now turn to Defendant USAA's motion to dismiss.  Courts must consider jurisdictional issues before reaching the merits of a complaint, and "may not assume jurisdiction for the purpose of deciding the merits of the case."  *Sinochem v. Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)).  The defendant urges dismissal for lack of jurisdiction over the plaintiff's claim.  On a motion to dismiss for lack of subject matter jurisdiction, courts "may look to evidence outside of the pleadings."  *Kingsley v. BMW of N. Am. LLC*, No. 12 Civ. 234, 2012 WL 1605054, at *2 (S.D.N.Y. May 8, 2012) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  But as the party asserting jurisdiction, it is Ordonez's burden to show by a preponderance of the evidence that subject matter jurisdiction exists.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

**1. Diversity Jurisdiction**

Examining first whether Ordonez states a claim under the court's diversity jurisdiction, I find that he does not.  It is well-settled that to invoke the court's diversity jurisdiction, "there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant."  *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990); *see also* 28 U.S.C. § 1332.

Here, Ordonez is a citizen of New Jersey.  Compl. ¶ I.A.  USAA is an unincorporated association, and it is undisputed that USAA policyholders reside in New Jersey.  Kratz Aff. ¶¶ 3, 6.  "Unlike corporations, the citizenship of an unincorporated association depends on the

citizenship of all the individual members" of that association.  *Discovery Ortho Partners, LLC v. Osseous Techs. of Am., Inc.*, No. 10 Civ. 1729, 2010 WL 3239428, at *3 (S.D.N.Y. Aug. 17, 2010).  Diversity jurisdiction in suits brought against unincorporated associations like USAA therefore requires that "the citizenship of each member . . . be different from the citizenship of [the plaintiff]."  *Id.*  Because USAA has members in New Jersey and Ordonez is also a citizen of New Jersey, complete diversity is lacking and cannot form the basis for subject matter jurisdiction.  *See Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 396 (2d Cir. 1974) (USAA "should . . . be considered a resident of each state in which it has members"); *Country Rock Cafe, Inc. v. Truck Ins. Exch.*, 417 F. Supp. 2d 399, 403 (S.D.N.Y. 2006) ("An unincorporated association, for diversity purposes, is a citizen of each state in which it has members.").  And on this ground alone the complaint would be dismissed.

**2. Federal Question Jurisdiction**

With diversity jurisdiction lacking, I must next consider whether Ordonez's complaint satisfies the requirements of federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Federal question jurisdiction exists "only when 'a right or immunity created by the Constitution or laws of the United States . . . [is an] essential [element] of the . . . cause of action.'"  *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012) (alterations in original) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

But although Ordonez is proceeding *pro se*, his complaint nevertheless can be viewed only as a claim seeking recovery for his injuries based on Essence Jackson's negligence in operating his vehicle.  Because Ordonez therefore brings only state tort claims and does not bring any cause of action implicating federal law, Ordonez cannot invoke the court's federal question jurisdiction.  *See Obunugafor v. Borchert*, No. 01 Civ. 3125, 2001 WL 1255929, at *3 (S.D.N.Y. Oct. 19, 2001) (no federal question jurisdiction over state law claim for negligence); *E. States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 399 (S.D.N.Y. 1998) (state tort law claims "in no way give rise to federal question jurisdiction").  Accordingly, the court also lacks federal question jurisdiction over Ordonez's claims against USAA.  Without a basis for either federal question or diversity jurisdiction, Ordonez's complaint must be dismissed.

## CONCLUSION

For the reasons stated above, USAA's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Because jurisdiction is lacking, I need not reach the balance of USAA's arguments. The complaint is also dismissed as to Essence Jackson because Jackson was never properly served. The Clerk of the Court is instructed to close this motion, close this case, and remove it from my docket.

**SO ORDERED**
March 6, 2013
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

5